[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 09-12466 and 09-12651
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00007-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WILLIAM BROWN,
a.k.a. James Brown,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(March 12, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant James William Brown appeals his 296-month sentence and convictions for possession and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(a)(2). He argues that the district court (1) erred by denying his motion to suppress; (2) abused its discretion by denying his motion for a psychological evaluation at government expense, and (3) imposed an unreasonable sentence.

I.

Brown first argues that items discovered in his storage unit should have been suppressed because the government did not apply for a warrant to search the storage unit; thus, the court improperly issued such a warrant. Brown also argues that the search warrant was improperly issued because the requesting officer recklessly or intentionally failed to inform the court of the "extreme personal animosity" that informants Jason Bunce and Jason Day had against Brown. Brown notes that a defendant is entitled to a hearing on the veracity of a search warrant affidavit where the defendant establishes that false information was knowingly or recklessly included in it. Brown further argues that the exception to the exclusionary rule for warrants obtained in good faith should not apply to the present case because the officer recklessly failed to request a search warrant for the storage unit.

Second, Brown argues that the district court erred by failing to order a psychological evaluation at government expense, because an evaluation was necessary for the court to form a proper understanding of his mental condition in fashioning an appropriate sentence.

Finally, Brown argues that his sentence was unreasonable and greater than necessary to satisfy the statutory objectives of 18 U.S.C. § 3553(a), in light of his history and characteristics, the nature of his offense, the guidelines calculation, and the other sentencing factors. Brown submits that the pornography guideline enhancements in U.S.S.G. § 2G2.2, applied in this case, are arbitrary and unreasonable because they are not supported by any empirical evidence and produced an "unreasonable and irrational" sentence of 296 months' imprisonment. Brown also discusses how the application of each of the § 3553(a) factors demonstrates that the sentence he received was substantively unreasonable.

## II.

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts *de novo*." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). Further, "all facts are construed in the light most favorable to the prevailing party below." *Id.* We review *de novo* whether the

*Leon*[1] good faith exception to the exclusionary rule applies to a search. *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002). The underlying facts supporting that determination are binding on appeal, however, unless clearly erroneous. *Id.* We review *de novo* a district court's determination of probable cause. *United States v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997).

We review a district court's denial of a motion for psychiatric services pursuant to 18 U.S.C. § 3006A(e)(1) for abuse of discretion. *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir. 1987).

Finally, because we review only a defendant's final sentence for reasonableness in light of the § 3553(a) factors, and not the Sentencing Guidelines themselves, Brown's challenge to U.S.S.G. § 2G2.2 as arbitrary is not subject to review for reasonableness. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007) (holding that the reasonableness standard applies to the final sentence, not to each individual decision made during the sentencing process). We review the district court's legal conclusions *de novo*. *United States v. McDowell*, 250 F.3d 1354, 1361 (11th Cir. 2001).

III.

A. Motion to Suppress

---

[1] *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984).

The Fourth Amendment proscribes unreasonable searches and seizures. U.S. Const. amend. IV. For a search warrant to be valid, it must be supported by probable cause. *Id.* (stating that "no Warrants shall issue, but upon probable cause"). Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983).

"[T]he duty of a reviewing court is simply to ensure that the [issuing judge] had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238–39, 103 S. Ct. at 2332 (internal quotation marks and alterations omitted). Brown does not provide any legal support for his conclusion that a search warrant for a specified location, in this case a storage unit, is invalid unless the supporting affidavit explicitly states that the application seeks a search warrant for the specific location. It was unnecessary for the search warrant affidavit to specifically request permission to search Brown's storage unit for the court to determine that probable cause supported the warrant to search his storage unit. The information in the affidavit concerning the presence of child pornography in Brown's storage unit demonstrated a "fair probability" of finding evidence of a crime; therefore, there was probable cause to search his storage unit.

Moreover, there is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). The Fourth Amendment is violated if the warrant is obtained by using a false statement made intentionally or recklessly. *Id.* at 155–56, 98 S. Ct. at 2676. To be entitled to an evidentiary hearing on a motion to suppress based on alleged misrepresentations or omissions in a search warrant affidavit (a *Franks* hearing), a defendant must make a substantial preliminary showing that the affiant made false statements, either intentionally or with reckless disregard for the truth, pointing specifically to the portions of the affidavit claimed to be false, and that the false statements were necessary to the finding of probable cause. *Id.* at 171–72, 98 S. Ct. at 2684. Intentional or reckless omissions by an affiant in a search warrant affidavit will invalidate a warrant "only if inclusion of the omitted facts would have prevented a finding of probable cause." *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir. 1997).

Brown was not entitled to a *Franks* hearing concerning Investigator Gonzalez's alleged omissions from his warrant application because he has not shown that the facts omitted from the warrant application concerning the animosity among Bunce, Day, and Brown were necessary to the finding of probable cause. Even though the statements of Bunce and Day, on which the police based its

6

application for a search warrant, were not independently corroborated by the police, the statements did corroborate one another and bore other indicia of reliability. Consequently, there was probable cause to issue the search warrant.

Finally, under *Leon*, "searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922, 104 S. Ct. at 3420 (internal quotation marks and citations omitted). Nevertheless, "it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Id.* at 922–23, 104 S. Ct. at 3420. *Leon*'s good faith exception, therefore, does not apply to the following situations:

(1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role . . . . ; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially

7

deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

*Martin*, 297 F.3d at 1313 (internal quotation marks omitted).

This "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered." *Leon*, 468 U.S. at 922 n.23, 104 S. Ct. at 3420 n.23.

We conclude from the record that Bunce and Day's statements, as included in the warrant affidavit, contained numerous, consistent details. These details indicated the reliability of their statements and enough indicia of probable cause, so that the officer's reliance upon the warrant was not entirely unreasonable. Consequently, even if there was no probable cause to issue the warrant, the evidence was admissible under the good faith exception to the exclusionary rule.

## B. Psychological Evaluation

"Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). A defendant must make a

showing that he may have a plausible insanity defense in order to obtain the services of a psychiatrist. *See Rinchack*, 820 F.2d at 1563-64. A district court should consider a defendant's rehabilitative and medical needs when imposing an incarcerative term. 18 U.S.C. § 3553(a)(2)(D).

Because Brown affirmatively asserted that he was competent to stand trial and did not present an insanity defense, the court had an adequate basis to determine that Brown was not entitled to psychiatric services pursuant to 18 U.S.C. § 3006A(e)(1). Furthermore, the record demonstrates that the court properly considered Brown's rehabilitative and medical needs in determining an appropriate sentence, considering (1) the extensive medical records submitted to the court, (2) testimony presented at sentencing concerning Brown's psychiatric history, and (3) the court's comments at sentencing concerning his personal history and medical needs.

## C. Reasonableness

We find Brown's argument that the enhancements under § 2G2.2 of the Sentencing Guidelines are arbitrary unavailing, because defining and fixing penalties for federal crimes are congressional, not judicial, functions. *See United States v. Evans*, 333 U.S. 483, 486, 68 S. Ct. 634, 636 (1948); *see also Mistretta v. United States*, 488 U.S. 361, 377–78, 109 S. Ct. 647, 658 (1989) (noting that

Congress has given the Sentencing Commission the discretion to determine the relative severity of federal crimes, assess the relative weight of the offender characteristics, and decide which types of crimes are to be considered similar for the purposes of sentencing).  It is true that, at least with respect to certain guidelines (e.g. crack cocaine), sentencing courts may disagree with, and therefore not follow, a guidelines range or method of calculation perceived to be arbitrary or excessive.  *See, e.g.*, *Spears v. United States*, 129 S. Ct. 840, 843–44 (2009) (holding that a district court has authority to reduce the sentence based on a policy disagreement with the crack cocaine guidelines).  Nevertheless, district courts are not required to do so.

Insofar as Brown challenges the district court's decision to sentence him within the guideline range rather than impose a downward variance, his sentence is subject to review for reasonableness.  *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005).  We review the reasonableness of a sentence through a two-step process using a deferential abuse-of-discretion standard.  *United States v. Pugh*, 515 F.3d 1179, 1189–90 (11th Cir. 2008).  First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines range as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors.  *Id.* at 1190.

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature of the circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)–(7). In considering the § 3553(a) factors, the district court need not discuss each of them individually. *Talley*, 431 F.3d at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Id.*

Second, we examine whether the sentence is substantively reasonable. *Pugh*, 515 F.3d at 1190. We consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in § 3553(a).

11

*Id.* at 1191; *Talley*, 431 F.3d at 788. A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Pugh*, 515 F.3d at 1191–92.

Although now advisory, the guideline range is one of the § 3553(a) factors to be considered by the sentencing judge. *See* 18 U.S.C. § 3553(a)(4). We have recognized that "the use of the Guidelines remains central to the sentencing process" and stated that "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 787–788.

Brown does not expressly challenge the application of the Guidelines. Thus, no procedural issue is raised based on miscalculation of the Guidelines. Moreover, because the district court imposed a sentence that reflects the nature and circumstances of the offense and the other considerations stated in § 3553(a), the court did not commit any procedural error in sentencing Brown. *See Pugh*, 515 F.3d at 1190. Additionally, based on the facts in this case and our expectation that a sentence within the Guidelines range would ordinarily be reasonable, we conclude that the district court did not abuse its discretion in sentencing Brown to 296 months' imprisonment or impose a sentence that was substantively unreasonable.

IV.

For the aforementioned reasons, we affirm Brown's convictions and sentences.

**AFFIRMED.**